## TELFORD, for use, *v.* OSLIN.

99 507;
s108 804|

1. Where a corporation assigned to its president accounts due to it by various persons, the proceeds of the same to be used in paying existing debts of the corporation, and the president, in consideration of an extension of time granted to the corporation by the creditors holding these debts, undertook the collection of these accounts for their use and in writing guaranteed payment of the same, within a specified time, to such creditors or their attorney, he became absolutely liable for the payment of the gross sum to which the accounts amounted, and he could not set up as a defense to an action upon his contract that the accounts were for any reason valueless, or that the corporation did not really own them (or some portion of them) when assigned to him, or that these things were true when he made the guarantee mentioned. His liability rested upon his contract of guaranty, supported by the consideration of an extension of time granted to the corporation at his request, and did not depend upon the solvency or insolvency of the accounts the payment of which he guaranteed.
2. In so far as the rulings of the court at the trial varied from what is above laid down, error was committed.
   August 18, 1896.

Action on contract. Before Judge Smith. City court of Hall county. August term, 1895.

W. L. Telford, suing for the use of the Southern Agricultural Works, the Sterling Dynamite Co., and Edward J. Jenkins & Sons, brought his action against J. W. Oslin upon the written contract hereafter referred to. It appears, that the Logan Hardware Company, a corporation, began to do business in April, and so continued until November 24, 1893. On November 22, 1893, it was indebted to the usees of the plaintiff in sums aggregating $558.42, upon notes and accounts for goods purchased; and the usees, having reason to think the company to be in an unsafe condition, employed plaintiff, who was an attorney at law, to collect said claims. On the day last named, the company by its general manager, A. R. Logan, executed a written transfer to the defendant (who was the president and a

stockholder of the company) of thirteen accounts against various persons (their names and the amount of each account being stated, the whole aggregating $645.80), "to use as security for amounts named at bottom of list, which he has advanced for us." The amounts named at bottom of list were the amounts due to the plaintiff's usees. On the same day defendant executed upon this paper the contract sued on, to wit:

"I hereby transfer to W. L. Telford all the claims described herein, to secure the payment of the following named debts due from the Logan Hardware Company: one in favor of Edward J. Jenkins & Sons, one in favor of the Southern Agricultural Works, and one in favor of the Sterling Dynamite Company. Said debts are now in the hands of said W. L. Telford for collection, and aggregating $558.42 principal. I am to have charge of the collection of said claims. And I do hereby endorse said accounts and guarantee payment of the same within ninety days from this date, to the parties to whom they are due respectively, or their attorney."

The suit was brought after the expiration of ninety days from the date of the contract, defendant having failed and refused to pay any of the debts due to plaintiff's usees. Plaintiff alleged, that defendant had had the transferred accounts in his hands from the date of the contract to the time of bringing suit, but plaintiff did not know how much or whether any of said accounts had been collected. By amendment he alleged, that the consideration for defendant signing the paper sued on was the extension of time of payment of the claims of the usees against the hardware company, and the further agreement to forbear from suing the same for ninety days; defendant being, at the time of said endorsement, the president and one of the principal stockholders of the company.

Defendant pleaded that no consideration passed to him for executing the contract sued on. He also filed special pleas to which plaintiff demurred. The demurrer was

overruled. There was a verdict for defendant, and plaintiff's motion for a new trial was denied. He assigns error upon both of these rulings.

The pleas so demurred to are, in brief, as follows: The accounts set forth as being guaranteed by defendant were never really transferred to him by the hardware company, and were never placed in his hands by said company. The only paper delivered to him was the written transfer before mentioned, and no evidence of the indebtedness of the parties named therein was ever in his possession. Before the execution of said paper, the following named in said list of accounts had paid in full all they owed to the hardware company, and said company had no account against them (giving the names of two of the parties in the list of accounts, and the amounts opposite their names), and plaintiff had no account against them at any time. Before the execution of said papers the accounts against the following persons had been assigned by said company to the State Banking Co. of Gainesville (giving the names and amounts of seven others in the list), and said accounts were not then due to the hardware company but to the State Banking Co., who had title to the same, and the account of Brown, one of the seven, was $10 less than as stated in the list. The account of Sloan, another of the seven, was not the property of the hardware company, but was the property of the Brown Cotton-Gin Company at the time of the attempted transfer; and at that time the hardware company had no account against Sloan, but as agent of the gin company sold to Sloan goods belonging to the gin company, and had no authority to transfer said account and no right or title to the same. The only accounts the hardware company had the right to turn over to defendant, and title to which he could have transferred to plaintiff, were four embraced in the list (giving the names and amounts, aggregating $146.87). While the accounts have never been in defendant's hands, the sum of $38 has been received by

him on two of the four accounts last referred to, which he is ready to turn over to whomever is entitled to receive it; but he denies his liadility for the balance of said accounts, as there was no consideration for any guaranty, and for other reasons herein set forth; and denies that he is liable in this action for said $38. The entire consideration or inducement for his executing the contract with plaintiff, and his entire contract with plaintiff, was founded upon a mistake. He and plaintiff honestly supposed, at the time of making said contract, that the parties whose names are included in the list of accounts did actually owe the company the sums attached to their names, and that the company had a right to transfer said accounts to defendant, and that it did so; but said accounts were either paid before said attempted transfer or had been previously assigned to other parties by the company, and it had no right to transfer and did not in fact transfer said accounts to defendant, except the four last named, and he has never had said accounts against said persons in his possession, and transferred no title to them to plaintiff except as to the four last mentioned. At the time he guaranteed the payment of the certain accounts alluded to in his contract with plaintiff, he and plaintiff supposed the principals and parties alluded to as owing said accounts did actually owe the same, and were actually liable to plaintiff, or those he represented, for the amount of said accounts; but said principals, or the parties whose accounts he guaranteed, did not at the time owe to plaintiff or the parties he represented, and were not liable to plaintiff or those he represented for the amount of said accounts or any amount whatever; and there were no accounts against said parties, except as to the four last mentioned, for defendant to guarantee the payment of. The grounds of demurrer were, that these pleas set forth no legal defense; and that defendant was estopped to deny that the accounts were valid claims, or his right to transfer them.

The motion for new trial alleges, that the verdict is con-

trary to law and evidence, and that the court erred in so charging the jury as to require that the evidence show a valuable consideration for the contract, to make it binding on defendant; plaintiff contending that, under the facts appearing, a sufficient consideration would be presumed in law. Also, that the court charged, that if the accounts mentioned in the contract sued on were turned over by the hardware company to defendant as collateral security for the debts of the plaintiff's usees, then defendant held them as trustee for those parties; and if he then turned the claims over to them as collateral security for their debts, that would be no sale of the claims by him to them, and he would not be estopped to deny that there was anything due on them; and if under these circumstances he promised to pay the claims thus turned over, he would be liable only as surety, and therefore liable only for the amount actually due on them. This is assigned as error for want of evidence to support such charge; the same being in effect in support of defendant's plea, when no evidence had been introduced to support it.

It is further alleged, that the court erred in refusing to charge, as requested by plaintiff, "that any person can obligate himself to pay the debts of another, provided the same is in writing;" and that "when any one transfers personal property to another, he warrants that he has a valid title and right to sell."

Plaintiff further says that the entire charge of the court was error, because it did not construe the contract except as set forth in said charge, and did not instruct the jury that under the admissions in defendant's plea and the contract in evidence they should return a verdict for the plaintiff.

*J. B. Estes, W. L. Telford* and *H. H. Dean*, for plaintiff. *Perry & Craig* and *G. H. Prior*, for defendant.

ATKINSON, Justice.

In consequence of the engagement of the defendant in his character as guarantor, the plaintiff was induced to extend time to the corporation of which the defendant was the president, thus delaying the plaintiff in the prosecution of his rights against the corporation. This, of itself, was a consideration sufficient to support his engagement as guarantor, and to render him liable upon his express contract, to the extent of the sums guaranteed by him, without respect to the ultimate liability of the corporation to its alleged creditors. The liability of the defendant is obvious; and further than is stated in the first head-note which precedes this opinion, no further examination of the questions is necessary. The court erred in refusing a new trial.

*Judgment reversed.*