### 18747. JENKS *v.* BILLINGSLEY.

STEPHENS, J. 1. Where a real-estate broker, with whom property is listed for sale on commission obtains a purchaser, who agrees to purchase the property on the condition that the broker agrees that if a certain profit on the purchase-price is not realized by the purchaser within a stipulated period of time, the broker will refund to him certain payments made on the purchase-money, with certain interest thereon, and will also take over the property from him, and the broker contemporaneously agrees in writing with the purchaser as indicated, the agreement is not void upon the ground that there is no consideration for the broker's promise, or upon the ground that it is a gaming contract. The consideration for the broker's promise consists in the act of the purchaser in entering into the contract to purchase through him, and also in the benefit to accrue to the broker in his commission for negotiating the sale. As the transaction between the broker and the purchaser is a legal one and not against public policy, and there is a valid consideration for the broker's promise, it is not a gaming contract. *Phillips* v. *Riser,* 8 *Ga. App.* 634 (70 S. E. 79); *Poole* v. *Corker,* 15 *Ga. App.* 622 (83 S. E. 1101); *Young* v. Stephenson, 82 Okl. 239 (200 Pac. 225, 24 A. L. R. 978).

2. A contract of the above description is not a contract for the future sale of the property by the purchaser to the broker, but is a contract by which the broker guarantees to the purchaser a certain profit out of the transaction, and, on failure of the purchaser to realize this profit, to reimburse him for his expenditures plus interest, and to take over the land from him. The obligation of the broker to take over the land is therefore not dependent upon any right, title, or interest of the purchaser in the land. *Telford* v. *Oslin,* 99 *Ga.* 507 (27 S. E. 747).

3. No part of the contract between the purchaser and the broker in this case appears in writing except the broker's promise, which reads as fol-

lows: "Atlanta, Ga., July 23, 1925. I hereby agree that if at least 100% profit is not obtained on lot 28, block 111, Hollywood Hills, purchased by you, F. W. Jenks, I will refund actually moneys paid in and 10% interest, and take over said property by February, 1926. [Signed] E. Billingsley." This appears upon its face to be incomplete, and is ambiguous. It may therefore be added to and explained by contemporaneous oral agreements and understandings.

4. In a suit by the purchaser against the broker, to recover for an alleged breach of the contract by the broker, where it appears, from the allegations of the petition, that a contract as described above in paragraph 1 was entered into between the purchaser and the broker, by which, in consideration of the purchaser's entering into a contract to purchase the property, the broker agrees to guarantee to the purchaser a profit of 100 per cent. on the property by February, 1926, or to refund to the purchaser the amount of the payments which the purchaser had made on the purchase-money contracted to be paid, plus 10 per cent. thereon, and to take over the property, the contract thus alleged, consisting of the broker's promise and the oral agreements and understandings, is not so indefinite and uncertain as to be incapable of determination and therefore unenforceable.

5. The petition set out a cause of action, and the court erred in sustaining the demurrer. See, in this connection, *Miller* v. *Hubbell*, 38 *Ga. App.* 172 (143 S. E. 464).

*Judgment reversed.* *Jenkins, P. J., and Bell, J., concur.*

Decided February 7, 1929.

*Watkins, Asbill & Watkins,* for plaintiff.
*A. E. Ramsaur, A. C. Corbitt,* for defendant.